UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON. SC

2005 NOV 22  A 10: 59

| | |
|---|---|
| **Joseph H. Pratt**, # 9901834, *formerly* SCDC # 264698, | ) C/A No. 9:05-3197-JFA-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| **Barbra Connell**, Victim; | ) |
| **Richard Connell, Sr.**, Victim; | ) |
| **Richard Connell, Jr.**, Victim; | )    [text begins on following page] |
| **Jenny Daily**, Investigator for Sumter County Police Department; | ) |
| **Patty Patterson**, Chief of Sumter County Police Department; | ) |
| **O. V. Player**, Clerk of Court for Sumter County in 2003; | ) |
| **Deborah A. Mathis**, Clerk of Court for Sumter County in 2004; | ) |
| **James C. Campbell**, Clerk of Court for Sumter County; | ) |
| **Simon Major**, Director of Sumter-Lee Regional Detention Center; | ) |
| **All Sumter-Lee Regional Detention Center Employees**; and | ) |
| **C. Kelly Jackson**, Head Solicitor, | ) |
| Defendants. | ) |

1

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina. According to the plaintiff's answers on page 2 of the complaint, Barbra Connell, Richard Connell, Sr., and Richard Connell, Jr., are members of a "Family (Victims)[.]" Defendants Daily and Patterson are employed by the "Sumter Co." Police Department. Defendants Player and Mathis are the former Clerks of Court for Sumter County. James C. Campbell is the current Clerk of Court for Sumter County. C. Kelly Jackson is the Solicitor for the Third Judicial Circuit of South Carolina. Clarendon County, Lee County, Sumter County, and Williamsburg County comprise the Third Judicial Circuit of South Carolina. The plaintiff has also named as defendants the Director and "All" employees of the Sumter-Lee Regional Detention Center.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that the plaintiff is raising two types of issues: *(1)* matters pertaining to the pending criminal case; and *(2)* the plaintiff's medical care, mail, and lockdown status at the Sumter-Lee Regional Detention Center. In his answer to Question 2 of the Statement of Assets, the plaintiff states that the nature of

2

this civil action is "to have all criminal charges dropped and exponge [sic] from Records with a sum of money to the Plaintiffs [sic] Pain & Suffering!!" (Statement of Assets, at first page). In his answers on page 2 of the § 1983 complaint, the plaintiff indicates that "Unlawful Use of Power & Illegal Imprisonment" are the issues that he is attempting to litigate in the above-captioned case.

The South Carolina Inmate Database on the LEXIS® service reveals that the plaintiff was released from the South Carolina Department of Corrections in November of 2004 after serving a sentence for second-degree arson. The plaintiff, however, was still facing two charges in Sumter County: (1) lewd act with a child; and (2) criminal sexual conduct. Those charges, according to the plaintiff, had been dismissed under Rule "41(b) - SCRCP." The plaintiff contends that he should not be held for trial on those two previously dismissed charges. The plaintiff also states that he has seen his attorney only once — at his preliminary hearing on December 4, 2004.

With respect to the Sumter-Lee Regional Detention Center, the plaintiff alleges: (1) the Sumter-Lee Regional Detention Center "refuses to treat the Plaintiff for any medical problems Plaintiff has[;]" (2) the plaintiff has been kept in the lockdown unit since November of 2004; and (3) the employees of the

3

Sumter-Lee Regional Detention Center have opened the plaintiff's legal mail and a letter sent to the plaintiff from the State Law Enforcement Division (SLED). The plaintiff's answers on page 2 of the complaint reveal that he has filed a grievance, but has not received a determination on his grievance. In his prayer for relief on page 5 of the § 1983 complaint, the plaintiff seeks ten million dollars in damages.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);



Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

---

[1]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging matters pertaining to his pending criminal case, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903

6

F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), affirmed, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), cert. denied, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Heck v. Humphrey is controlling in the above-captioned case because the events at issue took place after 1994. In any event, Heck v. Humphrey would apply retroactively. See Hooper v. Anderson, 50 F.3d 14, 1995 U.S.App. LEXIS® 676, *4 n. 1, 1995 WESTLAW® 11082 (9th Cir., January 10, 1995)(opinion on rehearing by panel; Heck v. Humphrey applies retroactively), replacing unpublished opinion reported in Hooper v. Anderson, 37 F.3d 1505, 1994 U.S.App. LEXIS® 28378 (9th Cir., October 6, 1994); and Smith v. Holtz, supra (plaintiff's Rule 60(b) motion granted because of decision in Heck v. Humphrey).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees and to persons who are awaiting trial but are not confined (i.e., persons who are awaiting trial but are "out on bond"). See Nelson v. Murphy, 44 F.3d 497, 1995 U.S.App. LEXIS®

116 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 U.S.Dist. LEXIS® 16614, 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994); Daniel v. Ruph, 1994 U.S.Dist. LEXIS® 15145, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994); and Barnett v. Thompson, 1994 U.S.Dist. LEXIS® 11990, 1994 WESTLAW® 478498 (N.D.Cal., August 22, 1994).

In Daniel v. Ruph, supra, a district court applied the holding in Heck v. Humphrey to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice. * * *

Daniel v. Ruph, supra, 1994 U.S.Dist. LEXIS® 15145, at *4-*5, 1994 WESTLAW® 589352 (footnote following quotation omitted). In an earlier case, Norris v. Patsy, 1994 U.S.Dist. LEXIS® 11302, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994), the court noted that, under Heck v.

8

Humphrey, supra, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."

Also on point is Hudson v. Chicago Police Department, 860 F. Supp. 521, 1994 U.S.Dist. LEXIS® 9351 (N.D.Ill. 1994), where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was subject to dismissal under Heck v. Humphrey. Judge Aspen, however, noted that the plaintiff could bring § 1983 action at a later date if a cause of action had accrued. Judge Aspen also held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." Accord Babcock v. Collord, 1994 U.S.Dist. LEXIS® 9661, 1994 WESTLAW® 374528 (N.D.Cal., July 5, 1994)(complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915(d)), adopted, 1994 U.S.Dist. LEXIS® 12741 (N.D.Cal., September 2, 1994).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-

9

170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[2]

Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir.

2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th

Cir. 1989), cert. denied, 494 U.S. 1030, 1990 U.S. LEXIS® 1399 (1990).  In

Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals

for the Fourth Circuit ruled that federal district courts should abstain from

constitutional challenges to state judicial proceedings, no matter how

meritorious, if the federal claims have been or could be presented in an

ongoing state judicial proceeding.  Cinema Blue of Charlotte, Inc. v. Gilchrist,

supra, 887 F.2d at 52.  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283,

expressly prohibits this court from enjoining such proceedings.  See also

Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(en

banc), cert. denied, 424 U.S. 946 (1976).

In Bonner v. Circuit Court of St. Louis, the United States Court of

Appeals for the Eighth Circuit pointed out that federal constitutional claims are

cognizable in both state courts and in federal courts: "Congress and the

---

[2]Although the Supreme Court of the United States has not overruled Taylor v. Taintor,
an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of
sureties to apprehend principals, has been superannuated by statute in Texas. See Green
v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App.
1992)("However, Taylor is not the law in Texas."), affirming Green v. State, 785 S.W.2d
955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as North Carolina State Ports Authority v. Dart Containerline Company, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. Castille v. Peoples, 489 U.S. 346, 349-352, 1989 U.S. LEXIS® 1040 (1989). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).

It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, *supra*, 489 U.S. at 349-352. The United States Court of

Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

The Federal Speedy Trial Act, 18 U.S.C. § 3116 *et seq.*, applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State. *See, e.g.*, United States v. Hall, 1994 U.S.Dist. LEXIS® 14290, 1994 WESTLAW® 544514 (D.Kan., September 13, 1994); United States v. Hanks, 1994 U.S.Dist. LEXIS® 14295, 1994 WESTLAW® 544516 (D.Kan., September 13, 1994); and United States v. James, 861 F. Supp. 151, 1994 U.S.Dist. LEXIS® 11910, *3-*12 & nn. 1-2 (D.D.C. 1994). Hence, the Federal Speedy Trial Act provides no basis for relief in the above-captioned case.

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy and public trial, was made applicable to the States in 1948. *See* In Re Oliver, 333 U.S. 257, 273 (1948). Even so, in light of the plaintiff's failure to exhaust his state remedies, it is unnecessary

for this court to conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530 (1972).

C. Kelly Jackson, the Solicitor for the Third Judicial Circuit, has absolute prosecutorial immunity insofar as his actions in the plaintiff's criminal case are concerned. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. See § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Solicitors are elected by voters of a judicial circuit. Prosecutors, such as Solicitor Jackson, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. See Buckley v. Fitzsimmons, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606, 1993 U.S. LEXIS® 4400 (1993); Burns v. Reed, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934, 1991 U.S. LEXIS® 3018 (1991); and Dababnah v. Keller-Burnside, 208 F.3d 467, 2000 U.S.App. LEXIS® 6114 (4th Cir. 2000). Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction case. See Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity;

13

and Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979)(prosecutorial immunity extends to appeals). *Cf.* Lowe v. Letsinger, 772 F.2d 308, 314-315 & n. 7 (7th Cir. 1985); and Houston v. Partee, 978 F.2d 362, 365-369 & nn. 3-4, 1992 U.S.App. LEXIS® 27825 (7th Cir. 1992), *cert. denied*, Partee v. Houston, 507 U.S. 1005, 123 L.Ed.2d 269, 113 S.Ct. 1647, 1993 U.S. LEXIS® 2453 (1993).

The office of the Clerk of Court for Sumter County is established pursuant to the Constitution of the State of South Carolina. *See* Article V of the Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Hence, James C. Campbell (the current Clerk of Court), O. V. Player (the former Clerk of Court), and Deborah A. Mathis (the former Clerk of Court) are entitled to summary dismissal under the Eleventh Amendment to the Constitution of the United States. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See, e.g.,* Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Alden

14

v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The three aforementioned Clerks of Court also have quasi-judicial immunity in this civil rights action. See Cook v. Smith, 812 F. Supp. 561, 562, 1993 U.S.Dist. LEXIS® 1854 (E.D.Pa. 1993); and Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981). In Mourat v. Common Pleas Court of Lehigh County, the district court, in a ruling from the bench, rejected claims similar to those raised by the pro se plaintiff in the case sub judice:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969)[, cert. denied, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of

15

court.    See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

Mourat v. Common Pleas Court for Lehigh County, supra, 515 F. Supp. at 1076.    See also Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'"    Kincaid v. Vail, 969 F.2d 594, 601, 1992 U.S.App. LEXIS® 17967 (7th Cir. 1992), *cert. denied*, Sceifers v. Vail, 506 U.S. 1062, 122 L.Ed.2d 152, 113 S.Ct. 1002, 1993 U.S. LEXIS® 252 (1993), *quoting* Scruggs v. Moellering, 870 F.2d 376, 377, 1989 U.S.App. LEXIS® 3635 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989).    *See also* Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support

16

personnel). *Cf.* <u>Pink v. Lester</u>, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir.1995), which overruled a 1972 case holding that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings. The case overruled by <u>Pink v. Lester</u> was <u>McCray v. Maryland</u>, 456 F.2d 1 (4th Cir. 1972).

The three private citizens (the Connell Family), whom the plaintiff describes as victims, are entitled to summary dismissal because of witness immunity. In this judicial circuit, it is well settled that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law, which is a jurisdictional requirement for a § 1983 suit. <u>Burke v. Miller</u>, 580 F.2d 108, 109-110 & n. 3 (4th Cir. 1978), *cert. denied*, 440 U.S. 930 (1979). Moreover, all persons who testified in any judicial proceedings relating to the plaintiff's pending criminal case have absolute immunity in an action for damages brought under 42 U.S.C. § 1983. *See* <u>Briscoe v. LaHue</u>, 460 U.S. 325, 327-346 (1983); and <u>Lowman v. Town of Concord</u>, 1995 U.S. Dist. LEXIS® 3041, 1995 WESTLAW® 108224 (W.D.N.Y., March 7, 1995)(collecting cases). *See also* <u>Kincaid v. Eberle</u>, 712 F.2d 1023 (7th Cir.)(police officer who testifies before a grand jury has absolute immunity), *cert. denied*, 464 U.S. 1018 (1983).

17

Secondly, the reporting of a crime by a private citizen is not action taken under of state law. A "private person does not act under color of state law simply because he invokes state authority." <u>Brummett v. Camble</u>, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, <u>Campbell v. Brummett</u>, 504 U.S. 965 (1992).[3] As a result, the reporting of the plaintiff's criminal sexual conduct to law enforcement authorities by the Connell Family is not action under color of state law.

Finally, <u>Heck v. Humphrey</u>, <u>supra</u>, applies to the plaintiff's claims against the Connell Family. *See also* <u>Parra v. New Hampshire</u>, 40 F.3d 1235, 1994 U.S.App. LEXIS® 31915, 1994 WESTLAW® 637001 (1st Cir., November 15, 1994), where the United States Court of Appeals for the First Circuit commented:

> Given that there is no cause of action under § 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or the immune parties within the ambit of § 1983. Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between private defendants, the prosecutors and local officials – which it did not – the § 1983 claims against those parties would still be foreclosed by *Heck*.



<u>Parra v. New Hampshire</u>, 1994 U.S.App. LEXIS® 31915 at *6, 1994 WESTLAW® at *2. *See also* <u>Gernard v. Idhe</u>, 1995 U.S. Dist. LEXIS® 2607,

---

[3]In this citation, there are variant spellings of the party known as Camble or Campbell.

18

1995 WESTLAW® 91326, *2 (N.D.Cal., February 28, 1995)("There is no way that plaintiff can allege a massive conspiracy, in which over ten individuals conspired to convict him with fabricated and altered evidence, without simultaneously calling the integrity of his conviction into question."); and *cf.* Pinnick v. Mellen, 1995 U.S.Dist. LEXIS® 2883, *1, 1995 WESTLAW® 96923, *9 (D.Mass., February 28, 1995)(suit by prisoner against his former defense attorney: "The United States Supreme Court has made it clear that before a prisoner can seek injunctive or monetary relief that would call into question the validity of the conviction or sentence, he must have the conviction or sentence discredited by a state tribunal or by a writ of habeas corpus.").

As earlier stated, in his answer to Question 2 of the Statement of Assets, that plaintiff states that the nature of this civil action is "to have all criminal charges dropped and exponge [sic] from Records with a sum of money to the Plaintiffs [sic] Pain & Suffering!!" (Statement of Assets, at first page). This federal court, in this civil rights action, cannot direct that the pending criminal charges be dropped. *See* Heck v. Humphrey, supra; and Myers v. Pauling, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995)("Release from prison is not a remedy available under 42 U.S.C. § 1983."). *See also* Edwards v. Balisok, 520 U.S. 641, 137 L.Ed.2d

19

906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997). *Cf.* Gurley v. Superior

Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir.

1969).

With respect to the plaintiff's claims about his medical care, mail, and

lockdown status at the Sumter-Lee Regional Detention Center, the plaintiff's

answers on page 2 of the § 1983 complaint indicate that the plaintiff has not

yet received a decision with respect to his grievance. In other words, the

plaintiff's grievance is still pending. Hence, this case is subject to summary

dismissal for failure to exhaust jail remedies. *See* 42 U.S.C. § 1997e(a),

which was enacted as part of the Prison Litigation Reform Act; Porter v.

Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373

(2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819,

2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires

administrative exhaustion even if grievance procedure does not allow



monetary damages and prisoner seeks only monetary damages, so long as

grievance tribunal has authority to take some responsive action); and

Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th

Cir. 2000). Before bringing suit under 42 U.S.C. § 1983 against officials or

employees of the Sumter-Lee Regional Detention Center, the plaintiff must await the decision on his pending grievance.

Summary dismissal of the above-captioned case because of non-compliance with the Prison Litigation Reform Act will prevent the plaintiff from needlessly incurring a nondischargeable debt of $250 to the United States. *See* Kahn v. Malinov, 1996 U.S.Dist. LEXIS® 7917, 1996 WESTLAW® 311447 (E.D.Pa., June 6, 1996):

> Notwithstanding the fact that plaintiff has complied with this Court's Order of April 16, 1996, because his recent filing is not in accordance with the [Prison Litigation Reform] Act currently in effect[,] which governs the filing of Applications for Leave to Proceed *In Forma Pauperis*, his Motion for Leave to Proceed *In Forma Pauperis* will be denied without prejudice. In the event plaintiff decides to proceed in the case, he must comply with all provisions of the Act.

Kahn v. Malinov, 1996 WESTLAW® 311447, at *2. *See also* Smith v. Urban, 928 F. Supp. 532, 1996 U.S.Dist. LEXIS® 8142 (E.D.Pa. 1996).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra;

21

Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since Solicitor Jackson and the three Clerks of Court are immune from suit and the plaintiff seeks damages from them, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

November 21, 2005
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

22

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
The **_Serious Consequences_** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger de novo review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
